LAUREL E. GIBSON, as Administrator, etc., of FRANK P. GIBSON, Deceased, Respondent, Appellant, v. THE STATE OF NEW YORK, Appellant, Respondent. (Claim No. 23796.) — Appeal by the State from a judgment of the Court of Claims in favor of the claimant for the sum of $6,406.24, entered in the office of the clerk of the court on December 20, 1939. Claimant has taken a cross-appeal on the ground of insufficiency. The decedent, claimant's intestate, sustained the injuries which resulted in his death as the result of a collision between an automobile, in which he was a passenger, and the rear end of a truck which was part of a convoy of trucks being driven from the Erie Ordnance Depot at La Carne, Ohio, to the 106th Field Artillery Armory at Buffalo, N. Y., for use by the New York National Guard. The accident happened in the State of Ohio. The claim was presented under a special act of the Legislature (Laws of 1934, chap. 797), the purpose of which was to excuse the failure to file a claim, or a notice of intention to file a claim, within the ordinary statutory period. The Court of Claims has found that the claim was duly and properly filed, and we think the record sustains the finding. It has also been found that the truck in question was at the time under the control of officers and agents of the State, that is, officers and enlisted men of the New York National Guard; and further, that this truck was running in the dark without headlights or taillights, although an enlisted man was waving a flashlight from the rear. A majority of the court has found that the accident occurred by reason of the negligence of decedent's driver in failing to see or heed

the flashlight, and the concurring negligence of those in charge of the truck in failing to provide a proper light for the truck, or otherwise to give adequate warning of its presence on the highway; and without negligence on the part of the decedent. The evidence sustains these findings and the award. In view of decedent's age and earning capacity the award of $4,000 for pecuniary loss was not inadequate. Award and judgment unanimously affirmed, with costs to the claimant. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ. [173 Misc. 893.]