Richard S. Heller, J.
On September 23, 1954 claimant Albert A. Arno was driving his 1954 Buick sedan westerly on Route 17, a State highway. Riding in the front seat with him at the time were his two and a half year old daughter, Helen S. Arno, and his wife, Bertha Arno. As the car approached the crest of a grade in the highway about two miles east of Fish’s Eddy, Delaware County, New York, it was being operated by Albert Arno at a speed of 40 to 45 miles per hour. After reaching the crest and starting on a downgrade, Albert A.rno observed *997 two sets of headlights in the road ahead which turned out to be the lights of two eastbound tractor-trailers, one of which had gone into the westbound lane in an attempt to pass the other. Confronted with this situation Albert attempted to cut to the north shoulder and was unable to use this shoulder because of a large pile of rocks which obstructed more than 75% of the shoulder. Albert, unable to stop, crashed into the tractor-trailer, still on the westbound lane, with an impact that turned his car completely around and forced it against the pile of rocks on the shoulder where the car finally came to a halt. The injuries to the claimants resulted.
At the point of impact Route 17 was a heavily travelled 24-foot two-lane blacktop road divided by a broken white line. Shoulders on the north side were 4 feet wide. Immediately north of the shoulder was a drainage ditch which sloped to the rock embankment which bordered the north right of way limits for some distance to the west and to the east. The contract plans for the construction of the highway showed a 5-foot shoulder between the north edge of the highway and the ditch. Apparently 1 foot was lost in the slope of the drainage ditch between construction and this accident.
This accident occurred at approximately 7:30 p.m. The road was dry, the weather clear, and it was dark enough to require headlights. The driver had never driven over this portion of Route 17 and neither he nor his wife saw the two Fallen Rock Zone signs which were erected to warn of possible rock slides.
It is well established that a rock pile 6 to 7 feet long and 4 to 5 feet high obstructed 3 of the 4 feet of shoulder on the north side of the highway. It is also well established that this obstruction had been in the same position for at least three weeks and probably for five weeks. The State knew or should have known of this hazard. The State has a duty to maintain the shoulders of a highway in a reasonably safe condition for travel when necessity for their use arises. Failure to use reasonable care is negligence and in the instant case the State was negligent. (O’Connor v. State of New York, 198 Misc. 1012; Taylor v. State of New York, 262 App. Div. 657, affd. 288 N. Y. 542; Shaffer v. State of New York, 256 App. Div. 1053.)
In order that claimants may recover, it is necessary that the negligence of the State be a proximate cause of the accident. In this case negligence of the State in permitting an obstruction on the shoulder deprived the driver of the opportunity of avoiding the collision. Further, the rock pile was in direct contact with the car after the first collision. In Gibson v. State of *998 New York (173 Misc. 893, affd. 259 App. Div. 1104) Judge Murphy of this court stated (p. 896): “ A definitely settled rule is that where the approximate cause of any injury is the concurring wrongful act or omission of two or more persons acting independently, both are liable and the degree of culpability is immaterial. (Forte v. City of Albany, 279 N. Y. 416, 422; Carr v. St. Louis Auto Supply Co., 293 Mo. 562; 239 S. W. 827; Sweet v. Perkins, 196 N. Y. 482; De Haen v. Rockwood Sprinkler Co., 258 id. 250.) ”
The negligence of the State was a proximate cause of this accident.
Having established the negligence of the State as a proximate cause of the accident, we pass to the question of the negligence, if any, of the claimants which may have contributed to the collision. The court finds that the infant, Helen S. Arno, and the claimant, Bertha Arno, are free of any contributory negligence. The case of Albert Arno presents a more delicate problem which the court resolves in favor of the claimant. Albert Arno did everything that a reasonable man could do under the circumstances of the emergency confronting him. It is true that he failed to observe the caution signs, but his driving indicates that he was cautious. The warning signs only required him to watch for falling rock and here, as in the case of Canepa v. State of New York (306 N. Y. 272), there was an absolute failure to give the driver a timely or adequate warning.
All of the claimants were removed by ambulance to Hancock Community Hospital, and on September 26, 1954 all of the claimants were taken by ambulance to their home in Waterloo, New York. Helen and Bertha spent an additional week at the hospital in Waterloo. Helen later spent an additional day in the Waterloo Hospital for the removal of an abscess that had been found under the scalp laceration. Each of the claimants was treated by several doctors and extensive X rays were made.
Claimant Albert Arno was a practicing dentist in Waterloo. On admission his injuries consisted of a concussion; a fracture of the left patella; fractures of the first and second ribs on the right side with an involvement of the fifth right rib; multiple contusions and abrasions of the scalp, right hand, right elbow, both knees, chest and lacerations of the scalp. Subsequent results included a post-concussion syndrome, an involvement in the right ulnar nerve affecting the ring and little finger of the right hand. Residuals consist of pain and weakness in the right knee.
*999 Dr. Arno was placed in a full leg cast for a period of more than eight weeks. His chest was strapped for three weeks and he wore an elastic bandage for an additional period of time. Medication included aspirin and cortisone injections for a period of one year. He was totally disabled for four and a half months and partially disabled for two additional months.
Bertha Arno suffered a concussion; chip fracture of the right ankle and injuries to the ligaments adjoining the ankle; a fractured nose; multiple bruises and abrasions covering most of the body; a whiplash injury involving the right shoulder; three cuts in the forehead, a cut in the lip and a cut in the nose. Subsequent involvements include the growth of bony spurs at the ankle joint, post-concussion syndrome; dizziness and a crooked nose. Residuals include pain in ankle and head; permanent scars of minor nature; a nose out of alignment and a bony spur growth on the ankle.
Mrs. Arno was bandaged for the ankle injury and received medication for her other injuries. She was totally disabled for two months and partially disabled for six months.
The infant, Helen Arno, received a compound chipped fracture of the skull involving the outer and inner table of the skull; a laceration of the tongue; a six-inch flap laceration of the skull; a concussion; bruises on her chin and right shoulder and at the time of admission she was in extreme shock. Subsequent involvements include a convulsion indicating possible brain damage; a nodule growth on the tongue; a change in rest habits; a loss of hearing and post-concussion syndrome with vestibular disturbance. Residuals are a wide raised six-inch scalp scar; a 38% loss of hearing in the right ear; a deformity of the tongue; a limited amount of brain damage and a slight depression in the skull.
Helen required surgery to correct the large scalp laceration at the time of the accident. Four weeks later an abscess formed and additional surgery was required. Intravenous feeding and blood transfusions were necessary at the Hancock hospital. Her injuries, excluding residuals, caused discomfort and inconvenience for a period of two years.
Dr. Arno, in addition to compensation for his injuries, is entitled to damages for his lost time, the additional help required around the home during Mrs. Arno’s incapacity, loss of consortium, the cost of medical and hospital service and the value of his automobile. The court finds that Dr. Arno has paid or will be required to pay for himself, Bertha and Helen the *1000 sum of $2,500 for medical services; that his car was damaged in the sum of $3,100; that his loss of income was $4,000 and that for all other damages, excluding personal injuries and pain and suffering, he is entitled to the sum of $500. For personal injuries and pain and suffering, past, present and future, Albert Arno is entitled to the sum of $9,000. In all, Albert Arno is entitled to the sum of $19,100 in satisfaction of his claim.
Bertha Arno is entitled to the sum of $10,000 for all damages, past, present and future in satisfaction of her claim.
Helen S. Arno, by her guardian ad litem, Albert A. Arno, is entitled to the sum of $25,000 for all damages, past, present and future in satisfaction of her claim.
On October 14, 1955 all of the above claimants entered into settlement agreements with the other parties involved in this accident. The claim of Albert A. Arno was settled for $16,000 and by the release his right of action against the State was reserved. Bertha Arno received the sum of $6,500 and her claim against the State was reserved. The claim of Helen S. Arno, by her guardian ad litem, Albert A. Arno, was settled by order of the Supreme Court for $7,500 and her claim against the State was reserved. It should be noted that this settlement of Helen, by her guardian ad litem, was made prior to the time that the permanent injuries found by this court were fully established.
The court finds that Albert A. Arno is entitled to an award against the State of Hew York in the amount of $3,100, said amount being the difference between the damages as found by the court of $19,100 and the settlement figure of $16,000.
The court finds that Bertha Arno is entitled to an award against the State of Hew York in the amount of $3,500, said amount being the difference between the damages as found by the court of $10,000 and the settlement figure of $6,500.
The court finds that Helen S. Arno, by her guardian ad litem, Albert A. Arno, is entitled to an award against the State of Hew York in the amount of $17,500, said amount being the difference between the amount of damages found by the court of $25,000 and the settlement figure of $7,500.
The claims were duly filed and they have not been assigned.
The court has marked the findings of the State and they are considered as part of this decision.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered.
Let judgment be entered accordingly.