■ WILLIAM HARRISON, Appellant, v. STATE OF NEW YORK, Respondent. WILLIAM HARRISON, as Administrator of the Estate of PEARL B. HARRISON, Deceased, Appellant, v. STATE OF NEW YORK, Respondent.— Claimants appeal from judgments of the Court of Claims dismissing both claims. Claimant William Harrison was driving an automobile in which his wife was a passenger, in a northerly direction on Route 30 about six miles north of Amsterdam on December 24, 1953, when the vehicle left the highway on the east side, struck some mailboxes, abruptly crossed the road to the west side, where it came to rest in a swampy area. The occupants of the car were thrown from it at a point near the mailboxes, which were four or five feet from the east edge of the pavement, and were found on the east shoulder of the road near that point. The road was in the process of being resurfaced and widened, and the contractor had ceased work the day previous for the Winter. There was an " Under Construction " sign at the Amsterdam end of the work project. Claimant William Harrison was familiar with the road. He seeks to recover for his injuries and damage, and as administrator of his wife's estate seeks to recover for her wrongful death. The accident happened near the end of a curve to the driver's left. The driver of the car testified that the night was clear, the road was dry and his lights were on high beam and that he could see the

curve well (hence additional warning signs would not have aided), but contends that some loose material on the pavement caused him to leave the pavement, and that ruts on the shoulder caused him to lose control. A State trooper testified that the operator told him on the morning following the accident that he did not know and had "no idea" what caused the accident. The trial court has found that there was no emergency which necessitated driving upon the shoulder; that there was nothing about the paved portion of the road which caused the vehicle to go upon the shoulder; that the State was not negligent; that any condition of the shoulder in the vicinity of the accident was not a proximate cause of the accident; that the accident was caused solely by the negligence of the operator of the car. It would serve no useful purpose to discuss the evidence or the numerous contentions of the claimants in detail. As we view the record only a factual question was presented, and the evidence presents a reasonable basis for the trier of the facts to make the above-mentioned findings. Judgments unanimously affirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.