■ HENRY GUYOTTE et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 37216.) — REYNOLDS, J. Appeal by the claimant from a judgment of the Court of Claims dismissing his claim for damages for personal injuries. Claimant alleges that on December 7, 1957 as he was proceeding in an easterly direction along Route 155 in the Town of Colonie, New York, he left the paved portion of the road and struck a rut on the shoulder which precipitated his car into a telephone pole and then a tree. Of course, even assuming the State was negligent in the maintenance or construction of the shoulder, claimant could only recover if he established that an emergency necessitated his driving upon the shoulder (e.g. *Harrison* v. *State of New York*, 19 A D 2d 564). Claimant attempted to establish such an emergency by asserting that an approaching vehicle was at least partially in his lane and that to avoid it he was required to proceed onto the shoulder. The Court of Claims, however, found that he had not met the burden of proving this contention and dismissed his claim. Claimant appeals this determination here. The question of whether or not, in this case, an oncoming vehicle forced claimant onto the shoulder depends entirely upon factual determinations and particularly issues of credibility. The decision is thus peculiarly within the domain of the Court of Claims as the trier of the facts and this court " is not justified in setting it aside as against the weight of the evidence unless it can be plainly seen that the preponderance in favor of the plaintiff is so great that the trier of facts could not have reached the conclusion upon any fair interpretation of the evidence [citations]." (*Tyrell* v. *State of New York*, 6 A D 2d 958, 959; see, also, *Harrow* v. *State of New York*, 21 A D 2d 571, 572.) Nor is the fact that the testimony of claimant and his witnesses was uncontradicted decisive (*Piwowarski* v. *Cornwell*, 273 N. Y. 226). Claimant's testimony is highly contradictory and full of discrepancies. Beyond the fact that an approaching car is not even mentioned as contributing to the accident in the notice of intention to file claim, the claim or bill of particulars, there is also testimony that claimant had alcohol on his breath, although he claimed he could not remember having any drinks, and physical evidence that he had to be proceeding at a much greater speed than his estimation of 20 to 25 miles per hour. Similarly the court was not compelled to accept the testimony of the alleged eyewitness Salkis. The court in view of the contradictions and inconsistencies in his testimony was justified in finding his testimony unbelievable. Further Salkis' testimony with respect to the alleged second car clearly places it in the proper lane and indicates that it was proceeding at a prudent speed. On the basis of the entire record we see no reason to disturb the considered determination of the Court of Claims that claimant had not established that he was compelled to use the shoulder in an emergency and that rather it was claimant's own negligence which caused the accident. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.