(October 21, 1974)

■ In the Matter of the Application for Approval of the Certificate of Incorporation of DELAWARE COUNTY LEGAL SERVICES CORPORATION, a Proposed Type B Not-For-Profit Corporation.— Application pursuant to subdivision 5 of section 495 of the Judiciary Law granted and certificate of incorporation of Delaware County Legal Services Corporation approved for a period of two years from entry of an order hereon, subject to the terms and conditions set forth in Matter of Monroe County Legal Assistance Corp. (42 A D 2d 799). Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.

(October 24, 1974)

■ CORNELIUS GOES, as Administrator of the Estate of WILHELMINA GOES, Deceased, et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 43980.) — Appeal by the claimants from a judgment, entered March 8, 1968, upon a decision of the Court of Claims which dismissed their claim. On March 27, 1964 the decedent Wilhelmina Goes, while driving alone northerly on Route 9-W, lost control of her vehicle while proceeding straight ahead in her own lane and then veered across the southbound lane of the two-lane highway and crashed into a field. She testified that immediately before losing control she had observed a car approaching her which was very close to the dividing line of the highway. At that time she stated that she pulled to her right whereupon the right front wheel dropped down to an excessively low shoulder which caused her to lose control. As noted by the trial court in its decision, there was testimony from disinterested witnesses that her automobile began to weave while on the pavement and immediately prior to the accident. The trial court found that the claimant's testimony " did not establish that there was an actual danger compelling her to leave the highway and seek refuge on its shoulder ". Upon the present record, the issue of whether or not the claimant lost control of her car before going upon the shoulder of the highway and/or whether or not the shoulder was a proximate cause of the accident was for the trial court. (See Guyotte v. State of New York, 22 A D 2d 975, mot. for lv. to app. den. 15 N Y 2d 483.) If the State was negligent in the maintenance of the shoulder of the highway, the record does not conclusively establish that such negligence was the proximate or concurring cause of the accident. Furthermore, the record does not establish that the highway was of such a nature as to have required a guardrail or other protective device at the point where the claimant's vehicle left the highway and crashed into a field. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ.; concur.