## (June 23, 1977)

■ RAYMOND ROLANDO et al., Appellants, v DEPARTMENT OF TRANSPOR-

TATION OF THE STATE OF NEW YORK, Respondent. (Claim No. 57151.)—Appeal from a judgment, entered November 21, 1974, upon a decision of the Court of Claims. Early on the morning of September 22, 1972 the claimant, Raymond Rolando, was driving from his place of temporary employment in Poughkeepsie to his home in Stony Point. At a point on Route 301 in the Town of Cold Spring, Mr. Rolando was proceeding downgrade and westerly when he drove the vehicle to the right or northerly shoulder of the highway. This shoulder was lower than the macadam surface or was rutted and, when he attempted to steer his vehicle back to the traveled section of the highway, the wheels struck the edge of the pavement and he lost control and the car proceeded across and down the side of the highway, overturned and finally came to rest against a pole. After a trial solely upon the issue of liability (hereinafter all references to claimant refer to Raymond Rolando), the court found that the claimant had not established his freedom from contributory negligence nor demonstrated any actionable negligence on the part of the State and dismissed the claims upon the merits. Claimant appeals, asserting in the main that the court's decision was contrary to the weight of the credible evidence. At the outset, we point out that, since the accident predated the effective date of the so-called comparative negligence rule, CPLR 1411, in order for the claimant to recover, it is necessary that he demonstrate his own freedom from contributory negligence, as well as actionable negligence against the State. In addition, as this court held in a case involving an almost identical factual pattern (Guyotte v State of New York, 22 AD2d 975, mot for lv to app den 15 NY2d 483; see, also, Goes v State of New York, 46 AD2d 697), even assuming the State was negligent in the maintenance or construction of the shoulder, claimant could only recover if he established that an emergency necessitated his driving upon the shoulder (e.g., Harrison v State of New York, 19 AD2d 564). Hence, the crucial issue presented is whether the claimant was confronted with an emergency which necessitated his moving to the shoulder, an issue which the court resolved against the claimant. Claimant would have us overrule that determination and to do so we must, after weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from such testimony (Shipman v Words of Power Missionary Enterprises, 54 AD2d 1052), conclude that the trial court's determination is against the weight of credible evidence or contrary to the law (Collier v Lukes, 36 AD2d 662). We are unable to so conclude. Here, as in Guyotte v State of New York (supra), the trial court found claimant's proof unbelievable and unconvincing. Significant is the fact that in each case no mention was made of a one-eyed or any other kind of vehicle in the claim or bill of particulars. Moreover, in the case at bar, when claimant filled out and filed the MV-104B accident report, he responded to Item No. 18 which called for a "description and apparent cause of the accident" by indicating "two right wheels ran off road on to soft shoulder". The testimony of the investigating trooper was to the effect that claimant, in reply to inquiry as to the cause of the accident, simply replied that he had driven off the road. Finally, perusal of the record reveals that claimant never placed the "one-eyed" vehicle anywhere but proceeding ahead within its own eastbound lane. The weighing of these factors and testimony and the credibility to be attached thereto is for the trial court. It has long been recognized that the opportunity to observe witnesses and hear their testimony, a luxury not available to an appellate court, is of inestimable assistance in determining the issue of credibility. We cannot fault the

court's evaluation and assessment of the evidence, and conclude that its findings are supported by credible evidence and perceive no valid reason to disturb them. We have examined claimant's other contentions and find them to be without merit. Judgment affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.