■ PAUL F. TERRY et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 61927.) — Appeal (1) from a judgment in favor of claimants, entered October 2, 1979, upon a decision of the Court of Claims, and (2) from an order of said court, entered September 25, 1979, which denied claimants' motion to modify the decision by increasing the awards. On August 28, 1977 claimant, then 18 years of age, was severely injured when a boulder fell from above and struck him on the left shoulder as he was standing behind a waterfall at the Taughannock Falls State Park. Damages in his favor have been assessed in the sum of $150,000, with liability apportioned at 50% to the State of New York and 50% to claimant (CPLR 1411). His father has also received an award for the medical expenses that were incurred on his behalf, but nothing for the loss of his services. On this appeal, claimant contends that the awards for damages were inadequate, and that the apportionment of 50% culpable conduct attributed to claimant Paul F. Terry was against the weight of the evidence. On the issue of apportionment, we agree with the decision of the Court of Claims as set forth in its well-reasoned and factually accurate memorandum. While there was proof that signs warned park users of the dangers of falling rock and swimming was prohibited at the site where claimant was injured, it was also established that the path claimant took to reach the waterfall — used often by park employees and the general public — was one along which there were no signs. Moreover, there was testimony that several people were in the vicinity when plaintiff was injured, many of whom were wading or swimming in the prohibited area. No cross appeal has been taken by the State and the foregoing circumstances illustrate why it was properly cast in damages (see *Dakin v State of New York,* 284 App Div 53). In like manner, however, we agree that claimant Paul F. Terry must bear some of the responsibility for the injuries he sustained. His conduct placed him in an area of danger which should have been obvious to a reasonably prudent observer. In addition, he acknowledged his awareness of signs which permitted swimming only in designated areas. We cannot say that the assignment of 50% of the culpable conduct to him was unreasonable upon this record, and, accordingly, we affirm that determination. Nevertheless, we further conclude that the award of damages for the injuries he sustained was grossly inadequate. This young man now has a withered and utterly useless left arm which cannot be restored by any known medical techniques or procedures. He has suffered excruciating pain, and will continue to suffer in the future as attested to by his attending neurosurgeon. In fact, the neurosurgeon was so concerned that he suggested the use of methadone or some alternative narcotic because of a possible problem of addiction. The serious, multiple, painful and permanent injuries, as demonstrated by this record, are such that in our opinion the sum of $400,000 more reasonably represents a proper award (cf. *Bonder v Berman,* 43 AD2d 653). In all other respects, we affirm. Judgment modified, on the

facts, by increasing the judgment in favor of claimant, Paul F. Terry, to the sum of $200,000, with appropriate interest, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Casey, JJ., concur.