# FOURTH DEPARTMENT, FEBRUARY, 1981

## (February 13, 1981)

■ WILLIAM PROTZMAN, Appellant, v STATE OF NEW YORK, Respondent. — Judgment unanimously reversed, on the law and facts, with costs, and matter remitted to the Court of Claims for further proceedings on the issue of damages, in accordance with the following memorandum: Claimant sustained serious injuries while a passenger in a car which was struck by a vehicle driven by one Stephen Imerese. The accident occurred on Millersport Highway in the Town of Amherst after the Imerese vehicle strayed onto the west shoulder of the highway and then, when the driver attempted to regain the road, shot across the highway and struck the vehicle in which claimant was riding. The proof at trial established that there was a drop off of three to four inches from the pavement to the shoulder and that by State standards a difference in elevation greater than two inches is considered a hazard. The court dismissed the claim, however, concluding that claimant failed to sustain his burden of proving that the State neglected its duty to properly maintain the shoulder of the highway or that it had notice and permitted a dangerous condition to exist. The record contains the testimony of an engineer for the State Department of Transportation who stated that shortly before the accident the shoulders in the area of the accident had been inspected and were found to be in violation of the State standard and that work orders had been issued to upgrade and fill the shoulders to remedy the hazardous condition. This testimony, when considered with claimant's other evidence, was sufficient to establish liability, particularly in view of the fact that as a result of the accident claimant suffered from traumatic amnesia (see *Schechter v Klanfer,* 28 NY2d 228; *Noseworthy v City of New York,* 298 NY 76). The court's belief that the condition may have been caused by the rerouting of traffic after the accident was speculative and not supported by the evidence. The State had a duty to maintain the shoulder of the highway in a reasonably safe condition and while Imerese's nonemergency use of the shoulder might be a defense in an action brought by him, it is no defense against a claimant who did not use the shoulder or act in any way to contribute to the accident (see *Rolando v Department of Transp. of State of New York,* 58 AD2d 694; *Retzel v State of New York,* 94 Misc 2d 562). The decision of the court is against the weight of the evidence and judgment is granted in favor of claimant on the issue of liability. The case is remitted to the Court of Claims for a determination of the amount of damages to be awarded. (Appeal from judgment of Court of Claims — negligence.) Present — Dillon, P.J., Simons, Schnepp, Callahan and Doerr, JJ.