■ LISA BOTTALICO et al., Respondents-Appellants, v STATE OF NEW YORK et al., Appellants-Respondents. (Claim No. 62254.) — In a negligence action to recover damages for personal injuries, etc., defendants appeal from a judgment of the Court of Claims (Lengyel, J.), entered February 5, 1981, which awarded claimant Lisa Bottalico the principal sum of $15,000. Claimants (1) appeal from an interlocutory judgment of the same court (Silverman, J.), entered July 21, 1980, which adjudged the defendants to be 25% negligent and claimant Lisa Bottalico to be 75% negligent, and (2) cross-appeal from the judgment entered February 5, 1981. Appeal from the interlocutory judgment dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, the interlocutory judgment is vacated, the apportionment of negligence attributable to claimant Lisa Bottalico and the defendants is fixed at 50% each, and judgment is granted to said claimant in the principal sum of $30,000. As so modified, judgment affirmed, without costs or disbursements. At principal issue here is the State's duty to those who drive their vehicles onto highway shoulders in the absence of an emergency. Claimant Lisa Bottalico (hereinafter claimant) attended a dinner dance at her college, sipped some wine and a portion of another alcoholic drink, and at about 1:00 A.M. left in her car with some friends. After dropping off the friends, she proceeded to the Palisades Interstate Parkway which was dry that evening. While traveling in the left lane at 45 to 50 miles per hour at about 2:30 A.M., claimant felt a jolt, following which the car pulled to the left. The evidence indicates that her car was about 100 to 150 feet from an underpass when its wheels came upon the left shoulder of the highway. The last thing claimant remembered prior to the accident was being unable to steer the car to the right. She awoke to find the car flush against the abutment of the overpass, about 15 feet off the road. Her injuries were serious. To support the claim that the shoulder of the parkway was negligently maintained, claimants adduced the testimony of a State policeman who had investigated the scene of the accident and reported that there was a drop in grade from the road pavement to the shoulder of approximately four to six inches for quite a distance approaching the overpass. He also testified that no barricades or cones had been placed along the edge of the road. Notice was established by the testimony of another State policeman who estimated that a month before the accident the drop in grade was six to eight inches. This man's supervisor informed the State Department of Transportation of the low shoulder one week before the accident. The Court of Claims determined that the defective condition of the shoulder was a contributing factor to the accident and that the defendants had sufficient notice of the condition. The court then apportioned 75% of the negligence to the claimant and 25% to the State, and fixed claimant's damages at $60,000 which it then reduced to $15,000 on the basis of relative culpabilities. Both sides have appealed. Contrary to the State's contention that it has no duty to maintain the shoulders of its highways for nonemergency use, we find that there is such a duty to maintain the shoulders of State highways in a reasonably safe condition for motorists (see *Protzman v State of New York,* 80 AD2d 719; *La Rue v Tiernan,* 260 App Div 337, affd 285 NY 550; *Retzel v State of New York,* 94 Misc 2d 562; *Arno v State of New York,* 20 Misc 2d 995). Thus, we cannot accept the State's contention that the claimant could only recover if she established that she drove onto the shoulder due to an emergency. It is true, of course, that in the absence of an emergency or other special circumstances, a motorist who travels upon a road shoulder will be chargeable with negligence (see *Pace v State of New York,* 14 AD2d 957) and prior to the institution of the comparative fault standard that

negligence barred recovery for damages resulting from a nonemergency use of defective shoulders irrespective of the State's negligence in maintaining the shoulders (see, e.g., *Rolando v Department of Transp. of State of N. Y.,* 58 AD2d 694; *Goes v State of New York,* 46 AD2d 697; *Guyotte v State of New York,* 22 AD2d 975, mot for lv to app den 15 NY2d 483; *Harrison v State of New York,* 19 AD2d 564). Presently, however, the claimant's culpable conduct does not necessarily defeat recovery but only diminishes damages based on the relative degree of liability of plaintiff and defendant (see CPLR 1411). Since it is foreseeable that road shoulders will be utilized by motorists in a variety of circumstances, the State's duty to maintain such shoulders in a safe condition for such motorists does not evaporate when vehicles come upon them for nonemergency reasons (see *Retzel v State of New York,* 94 Misc 2d 562, *supra).* Here, the State had actual and constructive notice of a hazardous condition which, although it did not cause claimant's car to leave the roadway, was nonetheless a significant factor in causing claimant's injuries (see *Gutelle v City of New York,* 55 NY2d 794). Thus, the issue to be decided was the degree of fault and not simply whether claimant's negligence contributed to the happening of the accident. Having affirmed the trial court's reasoning as to the effect of the comparative negligence rule, we nevertheless disagree with its apportionment of liability. While the claimant's deviation from the main portion of the parkway with no excuse constitutes negligence (see, e.g., *Rolando v Department of Transp. of State of N. Y.,* 58 AD2d 694, *supra; Pace v State of New York,* 14 AD2d 957, *supra),* the facts militate against a finding of 75% fault on her part. The difference in grade of approximately six inches from pavement to shoulder was quite a substantial hazard to cars proceeding at parkway speeds. In comparing the evidence that claimant let her car drift off the paved portion of the road to the State's carelessness in the face of a dangerous condition, we conclude that a more appropriate apportionment of fault would have been 50% for each party. To accommodate the modification, the judgment in favor of claimant should be increased to $30,000. Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.