■ ANIBAL GONZALEZ, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents.—In a negligence action to recover damages for personal injuries, the defendants separately appeal from so much of a judgment of the Supreme Court, Queens County (Cohen, J.), dated February 24, 1984, as, after a jury trial, was in favor of the plaintiff and against each of them, and the plaintiff cross-appeals, on the ground of inadequacy, from so much of the same judgment as awarded him the principal sum of $2,125,000 in damages.

Ordered that the judgment is reversed insofar as appealed from by the defendants City of New York and Joseph Ferraro, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issues of the liability of the plaintiff and the defendants City of New York and Joseph Ferraro, any cross claims asserted by those defendants, and apportionment of damages, with costs to abide the event, and it is further

Ordered that the appeal by the defendant William Levin is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]), and it is further

Ordered that the cross appeal by the plaintiff is withdrawn, without costs or disbursements.

The evidence at trial established that on January 27, 1981, at about 4:40 P.M., the plaintiff was struck by a car operated by the defendant William Levin. At the time of the accident, the plaintiff, who was attempting to cross Northern Boulevard in Queens, was standing in the roadway of Northern Boulevard, albeit near the curb, in the middle of the block between 73rd and 74th Streets, and behind the illegally parked car of the defendant Joseph Ferraro. The impact caused the plaintiff's legs to be pinned between the cars of the defendants Levin and Ferraro and, as a result thereof, the plaintiff's legs above the knees were surgically amputated.

The plaintiff's claim that the defendants were solely responsible for his injuries was based, in pertinent part, on the ground that the Ferraro car was illegally parked at the time of the accident, thus creating a hazardous condition in the roadway, and that the city had failed to remove an extraordinary amount of ice on Northern Boulevard, which had prevented the Levin car from stopping in time to avoid hitting

the plaintiff. Nevertheless, the circumstances clearly dictate that the plaintiff "must bear some of the responsibility for the injuries he sustained. His conduct placed him in an area of danger which should have been obvious to a reasonably prudent observer" (Terry v State of New York, 79 AD2d 1069). Specifically, the plaintiff was not standing in a relatively safe place, but in "an actively traveled lane", covered with patches of ice (cf. Ventricelli v Kinney Sys. Rent A Car, 45 NY2d 950, 952). Moreover, contrary to the plaintiff's contention, the skidding of a vehicle traveling in that lane was reasonably foreseeable. Accordingly, the jury finding that the plaintiff was not at fault, despite the fact that he was standing in the icy roadway in the path of oncoming traffic, was, under the circumstances, contrary to the weight of the evidence.

A new trial is therefore warranted with respect to the issues of the liability of the plaintiff and the defendants City of New York and Joseph Ferraro, any cross claims asserted by these defendants, and apportionment of damages. No claim having been presented concerning the amount of damages, there should be no new trial on that issue.

Finally, in view of the fact that there is to be a new trial, we note that, while the issue was not preserved for review, the plaintiff failed to present any evidence supporting one of his theories of liability, to wit, that the city's snow scattering operation created a dangerous condition in the traffic lane in question. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.