■ Louis DeLemos, Respondent, v Marvin White et al., Respondents, and Marcel Moise, Appellant.—Order and judgment (one paper) Supreme Court, New York County (Robert Lippman, J.), entered March 16, 1990, which, following a jury trial, adjudged defendant-appellant liable and awarded plaintiff damages in the sum of $150,000 plus costs, disbursements and interest, unanimously modified, on the law, to vacate the

100 percent apportionment of damages against defendant-appellant, and the matter is remanded for a new trial solely on the issue of comparative fault as between plaintiff and defendant-appellant if any, without costs; and appeal from order, Supreme Court, New York County (Robert Lippman, J.), entered February 13, 1990, which denied defendant-appellant's motion to set aside the verdict as against the weight of the evidence, is dismissed as superceded by the appeal from the final judgment, without costs.

Plaintiff, Louis Delemos, brought this personal injury action to recover damages for injuries he sustained when a taxicab driven by defendant-appellant, Marcel Moise ("appellant"), was struck from behind by a vehicle owned by defendant-respondent Marvin White and operated by defendant-respondent Willie White. The accident occurred at approximately 11:00 P.M. on March 1, 1987, as plaintiff was about to enter the cab, which had stopped to pick him up near the intersection of Columbus Avenue and 68th Street.

As the Whites' car struck the rear of the cab, plaintiff was thrown to the ground, sustaining a fracture to his left ankle and a hernia. These conditions required surgery, hospitalizations, and physical therapy. The jury found in favor of plaintiff and assessed damages totalling $150,000 against appellant. Defendants-respondents Marvin and Willie White were absolved of any liability.

On appeal, appellant argues that it was error for the trial court to have denied his request to instruct the jury with respect to comparative negligence on the part of plaintiff. Our examination of the record leads us to conclude that this charge should have been given.

The evidence established that plaintiff hailed the taxicab while standing under a restaurant canopy at the northwest corner of 68th Street and Columbus Avenue, and that the taxicab sharply crossed traffic lanes from the opposite side of the avenue and then stopped at a distance estimated by plaintiff to be two or three car widths from the curb where he stood. Plaintiff traversed this distance, which his counsel conceded could have measured as much as 18 feet from the curb, to enter the taxicab as it waited in the heavily-trafficked roadway.

In *Nallan v Helmsley-Spear, Inc.* (50 NY2d 507, 516-517), the Court restated its prior rulings to the effect that, "the question of contributory negligence is 'almost always * * * a question' of fact' and is 'almost exclusively a jury function' ".

In addition, the *Nallan* Court reiterated that the test for determining whether there was a sufficient factual basis for charging comparative negligence is whether there exists a " 'valid line of reasoning and * * * permissible inferences which could possibly lead rational men to the conclusion [of negligence] on the basis of the evidence presented at trial' " *(supra,* at 517, quoting *Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Applying these principles to the case at bar, we conclude that it cannot be ruled, as a matter of law, that plaintiff bears no responsibility for the injuries he sustained. The jury should have been permitted to consider the extent, if any, to which his "conduct placed him in an area of danger which should have been obvious to a reasonably prudent observer". *(Terry v State of New York,* 79 AD2d 1069; *see, Gonzalez v City of New York,* 123 AD2d 666, 666-667.)

We have considered the remaining arguments of appellant, including his claim that the verdict was against the weight of the evidence, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.