Bentbey Kassal, J.
Plaintiff moved for a new trial after the jury verdict on the grounds that prejudicial error was committed by the court in giving “ negative charges ” to the jury. In essence, the instructions stated the jury was not to consider either damages for the aggravation of any previous back injuries or the plaintiff’s susceptibility to back injury in its verdict.
This is a personal injury action tried solely on the question of damages since liability has already been established. The plaintiff’s pleadings, including the bill of particulars, clearly allege that the automobile accident on December 12,1968 was the proximate cause of certain injuries, including a back injury. There is no claim for aggravation of any pre-existing back injuries (of which there were many in 1958, 1960, 1965 and 1966), nor is there any claim by the plaintiff that the back was more susceptible to injury by reason of this past history.
At the trial, plaintiff testified as to all his previous back ailments and his medical witnesses all specifically stated that the injuries in this accident were in areas separate and distinct from any pre-existing back condition. Furthermore, it was conceded by plaintiff’s attorney that there was no claim for aggravation or exacerbation of such prior conditions.
On the other hand, the testimony of defendant’s medical expert was that the present accident caused recurrence of symptoms resulting from plaintiff’s previous back injuries.
In his summation to the jury, plaintiff’s attorney, apparently in reaction to the testimony of defendant’s doctor, made mention for the first time of the fact that plaintiff may have been more susceptible to back injury than the average person. This was objected to by defendant’s attorney as being without evidentiary foundation and highly prejudicial.
At the request of defendant’s attorney, the court thereupon charged the jury on this issue as follows:
“ There is no claim, nor is there any right to recover for any aggravation of any previous injury, nor is there any evidence of nor claim of any body condition making him subject to an injury, nor can there be a recovery for the same. In this case, *1001 there is no question but that there were previous injuries or problems with the plaintiff’s back. It is the plaintiff’s contention that in this accident he sustained new injuries to various areas of his back.
“ The plaintiff is only entitled to recover for those injuries which were proximately caused by this accident. ”
To this charge, in turn, the plaintiff objected, asserting that it was unwarranted and highly prejudicial to his cause.
The court thereupon reviewed all of the evidence presented by the plaintiff, including the testimony of lay witnesses. Such testimony demonstrated the plaintiff’s excellent physical condition immediately prior to this accident. The plaintiff had testified as to his excellent health and the vigorous activities in which he participated, including going square dancing, playing ball with his children, working on labor negotiations “ around the clock”, etc. A friend and business associate of the plaintiff confirmed all of this and offered further testimony as to their gym sessions together. The receptionist in the plaintiff’s law office described how very energetic the plaintiff was and how he always moved “ in a hurry ’ ’.
No evidence had been presented by the plaintiff that there had been activation of any latent condition or susceptibility to back injuries. Nevertheless, plaintiff’s attorney requested that the court take judicial notice of such susceptibility. This the court refused to do, finding it neither warranted by the evidence presented nor a proper subject for judicial notice.
The court advised plaintiff’s attorney that had he presented competent evidence of any latent condition or susceptibility, the court would charge the jury to that effect, employing, in substance PJI 2:283, entitled “ Damages — Personal Injury— Aggravation or Activation of Latent Disease or Condition ”. Since plaintiff’s attorney did not offer this evidence, no such charge was given by the court.
The plaintiff contends that he has been prejudiced by the charge given by the court, as evidenced by the fact that the jury returned a verdict in his favor in an amount which he claims clearly indicates that thle back injury was not an element. There is nothing to support such a conclusion and there is evidence to support a contrary conclusion. Since the jury returned a lump sum verdict, it is not possible to know which particular injuries were the basis of its award nor the dollar amount assigned to each. In reviewing the charges given, as a matter of law, the court finds no need to engage in such speculation.
*1002 While other jurisdictions differ (see Ann. 32 ALE 2d 1447), it has long been the rule in this jurisdiction that aggravation of pre-existing injury is an element of special damages which must be specially pleaded and proved before recovery therefor can be allowed. (Samuels v. New York Rys. Corp., 226 App. Div. 94; Von Sydow v. Long Beach Bus Co., 249 App. Div. 838.)
Similarly, the complaint or bill of particulars must allege precipitation or, activation of a latent condition, and it must be affirmatively pleaded that the present accident precipitated or triggered such latent condition to permit recovery therefor. (Weisent v. City of New York, 29 A D 2d 776, app. dsmd. 22 N Y 2d 670; McCahill v. New York Transp. Co., 201 N. Y. 221.)
Moreover, in order to recover damages in a personal injury action as herein, the plaintiff has the burden of proving not only the extent of his injuries, but that each injury is the direct result of the defendant’s wrongful act. (Wood v. New York Cent. & Hudson Riv. R. R. Co., 83 App. Biv. 604, affd. 179 N. Y. 557; Steitz v. Gifford, 280 N. Y. 15.) To do so, he must establish that the association between the two is a direct line and that the connection is not based upon conjecture or speculation. (Wood v. New York Cent. & Hudson Riv. R. R. Co., supra.)
Thus, where the plaintiff, as here, fails to plead or prove a particular cause of the injury — and where he in fact offers extensive testimony to rebut such a finding — the submission of such a theory to the jury is improper (Jokelson v. Ailed Stores Gorp. 31 A B 2d 200; Schongar v. Montgomery Ward S Go., 271 App. Biv. 912), and where the defendant so requests, the court must charge the jury that there may be no verdict for the plaintiff based on such a theory. (Puleo v. Casa Domenick Guff anti, Inc., 9 A B 2d 662; Posner v. Precision Shapes, 271 App. Biv. 435.)
Plaintiff’s motion herein, and the arguments presented by both sides in regard thereto, raise a further question as to the role of the Trial Judge in terms of the presentation of issues to the jury for determination. The Judge’s responsibility goes beyond being merely a passive referee. Indeed, his obligation regarding the delineation of factual questions to be resolved by the jury demands that he advise the jury as to the claim for relief as set forth in the pleadings and the proof; further, he must try to avoid the pitfalls of diversion by way of statements made by counsel either on the opening, during trial or upon summation, if they be not involved as issues and unsupported by evidence.
Accordingly, the motion is denied.