■ PATRICIA DE MENTO et al., Respondents, v NEHI BEVERAGES, INC., et al., Defendants, and CONSOLIDATED FOODS CORPORATION et al., Third-Party Defendant-Respondent and Fourth-Party Plaintiff. ROYAL CROWN COLA BOTTLING Co., Defendant and Third-Party Plaintiff-Appellant; CUSTOM CANNERS OF BALTIMORE, INC., Fourth-Party Defendant.—Appeal by defendant Royal Crown Cola Bottling Co. from a judgment of the Supreme Court, entered February 4, 1976 in Albany County, upon verdicts rendered at a Trial Term in favor of plaintiffs. On April 23, 1971 plaintiff Patricia De Mento sustained personal injuries as a result of defendant Royal Crown Cola Bottling Co.'s negligence when she drank from a can of contaminated soda. Plaintiffs brought the instant action based on negligence and breach of warranty. After a trial the jury awarded her damages of $25,000 and her husband $8,000 for his derivative cause of action. This appeal ensued and we are concerned solely with the question of damages. Defendant Royal Crown Cola Bottling does not question liability. In addition to its general contention that both verdicts are excessive, Royal Crown specifically argues that the court erred in charging the jury that plaintiffs could recover damages for disability resulting from aggravation of a prior existing condition. An examination of the complaint and the bill of particulars clearly demonstrates that plaintiffs alleged that the injuries sustained were the result of drinking the contaminated soda on April 23, 1971. Plaintiffs' case was tried on that theory and no proof was offered by plaintiffs as to an aggravation of a preexisting condition. The record further demonstrates, however, that appellant offered proof of a pre-existing condition. The dentist called by appellant was one of Patricia De Mento's attending dentists and he testified in substance that initially in 1968 and for a period thereafter he treated her for hypertrophic gingivitis and on June 15, 1971 observed a changed condition which he described as ulcerated gingivitis. The latter condition is the one which plaintiffs alleged and offered proof to establish. With the record in this posture the court charged "Now if you find that swallowing or drinking the fungus did not cause the gingivitis condition in plaintiff's mouth, but rather aggravated a condition of gingivitis which plaintiff had before this incident, then the plaintiff-wife would be entitled to recover for any disability or pain resulting from such aggravation". The court also charged, in substance, that plaintiff could not recover from any ailment which existed before she drank the soda. Immediately thereafter, however, he again charged that plaintiff

was entitled to recover for any aggravation of a pre-existing condition. Royal Crown timely excepted to these portions of the charge. Considering the charge in its entirety we are of the view that the court erred. While some jurisdictions take a contrary position, New York adheres to the principle that to recover damages for a pre-existing condition it must be specially pleaded and proved *(Von Sydow v Long Beach Bus Co.,* 249 App Div 838; *Roth v Hudson Tr. Lines,* 72 Misc 2d 999; NY Jur, Damages, § 68, p 523). This, we believe, is the better rule since it affords the defendant notice and an opportunity to meet the issue and removes the unfairness of surprise. In the instant case plaintiffs may not rely on Royal Crown's testimony that plaintiff had a pre-existing type of gingivitis. Such testimony Royal Crown properly offered in way of defense and significantly there is no medical proof that the pre-existing condition was aggravated by the incident of April 23, 1971. Furthermore at no time did plaintiffs move to amend the pleadings to conform to the proof. Consequently, a new trial must be had on the issue of damages only. Judgment reversed, on the law and the facts, without costs, and a new trial ordered solely on the issue of damages. Koreman, P. J., Sweeney, Mahoney, Main and Herlihy, JJ., concur.