■ EDWARD W. BEHAN, Respondent, v DATA PROBE INTERNATIONAL, INC., et al., Appellants. [623 NYS2d 886] —In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings

County (Held, J.), entered August 13, 1992, which, upon a jury verdict finding them 65% at fault in the happening of an accident, is in favor of the plaintiff and against them in the principal sum of $146,250.

Ordered that the judgment is reversed, on the law and as an exercise of discretion, and a new trial is granted on the issue of damages only, with costs to abide the event.

The plaintiff allegedly sustained injuries to his foot and back as a result of being struck in the head and having his foot run over by the defendants' van as it was backing into a parking space at the same time that the plaintiff stepped from the curb to cross the street.

Contrary to the plaintiff's contention, aggravation of a preexisting condition is an element of special damages which must be specially pleaded and proven before recovery therefor can be allowed (see, Von Sydow v Long Beach Bus Co., 249 App Div 838; see also, De Mento v Nehi Beverages, 55 AD2d 794, 795; Samuels v New York Rys. Corp., 226 App Div 94; Roth v Hudson Tr. Lines, 72 Misc 2d 999, 1002). Since the plaintiff did not allege such damages in the complaint or bill of particulars, the court erred when it charged the jurors over the defense counsel's objection that they could award damages to the plaintiff for the aggravation of his pre-existing degenerative disc condition (see, De Mento v Nehi Beverages, supra; Von Sydow v Long Beach Bus Co., supra).

In addition, considering the nature of the injuries alleged, the proof adduced at trial, and the issues involved, the court erred when it failed to submit to the jury a special verdict sheet containing a two-part interrogatory requiring a determination of (1) whether the accident caused a "serious injury" to the plaintiff's foot within the meaning of Insurance Law § 5102 (d), and (2) whether the accident caused the plaintiff's herniated discs (see, Brown v Stark, 205 AD2d 725; Quaglio v Tomaselli, 99 AD2d 487; see also, Steidel v County of Nassau, 182 AD2d 809, 813).

Further, we find that the trial court improvidently exercised its discretion when it ruled that the defendants' expert in radiology was not qualified to render an opinion as to whether the plaintiff's herniated discs predated the accident (see, Fuller v Preis, 35 NY2d 425, 431; see also, Ariola v Long, 197 AD2d 605; Humphrey v Jewish Hosp. & Med. Ctr., 172 AD2d 494; Joswick v Lenox Hill Hosp., 161 AD2d 352; McLamb v Metropolitan Suburban Bus Auth., 139 AD2d 572). Any alleged lack of skill or expertise went to the weight to be given to the

expert's testimony and not to its admissibility *(see, Ariola v Long, supra; Sumowicz v Gimbel Bros.,* 161 AD2d 314; *De Luca v Kameros,* 130 AD2d 705).

In view of the foregoing, we do not reach the appellants' remaining contentions. Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.