■ REYNALD ANDRE et al., Respondents, v LAWRENCE S. SEEM, JR., et al., Appellants. [650 NYS2d 794] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered September 29, 1995, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $480,000 ($380,000 to the plaintiff Reynald Andre, $100,000 to the plaintiff Marlene Andre).

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The injured plaintiff alleged that he suffered a serious injury within the meaning of Insurance Law § 5102 (d), a herniated disc, as a result of a January 1987 accident involving the defendants. In order for the plaintiffs to sufficiently establish a prima facie case that the accident caused the herniated disc, their medical expert's testimony regarding causation and prognosis had to satisfy accepted standards of reliability. The expert's testimony must have made it " 'reasonably apparent' that 'the doctor intend[ed] to signify a probability supported by some rational basis' " (Mattot v Ward, 48 NY2d 455, 461; Matter of Miller v National Cabinet Co., 8 NY2d 277, 282). The plaintiffs' expert testimony did not meet this standard.

While the plaintiffs' expert, Dr. Stewart, did testify that the injured plaintiff's herniated disc was caused by the 1987 accident, he also testified he reached this conclusion because the plaintiff had told him of no previous history of back problems. He stated further, "[w]hen I am given a history of an incident causing a complaint, I have to tie that complaint into the injury". However, the evidence at trial established that the injured plaintiff had, in fact, been involved in a number of accidents over a period of years, both before and after the accident in question, and had complained in the past of lower back pain, a "severe reoccurrence of back pain", and "a history of sciatica". Dr. Stewart described "sciatica" as a symptom of a herniated disc.

When Dr. Stewart first saw the injured plaintiff following the 1987 accident, he diagnosed him as having "a chronic lumbosacral sprain with left sided sciatica", and noted "rule out herniated disc", by which he meant that there was "a high liklihood [sic] of herniated disc but [it was] not certain". When asked if the injured plaintiff could have suffered a herniated disc following any one of the prior accidents and complaints of back pain, he responded: "He could have". Dr. Stewart did not send the injured plaintiff for a magnetic resonance imaging test (hereinafter MRI) until sometime in 1989, after the injured plaintiff came to him again following another accident. He could not rule out the possibility that the herniated disc which appeared at that time was the result of a trauma which occurred between the 1987 accident in issue and the time of the MRI. Given these facts, it would be sheer speculation to conclude that the herniated disc which appeared in the 1989 MRI had been caused by the 1987 accident (see, Waaland v Weiss, 228 AD2d 435).

The plaintiffs' expert testimony supports a conclusion only that the injured plaintiff suffered a herniated disc at some time before, during, or after the 1987 accident at issue. The plaintiffs' complaint alleges only that the herniated disc was suffered as a result of the 1987 accident, and special damages regarding the aggravation of a prior existing condition were not pleaded. Thus, the plaintiffs cannot recover for any such damages (see, Behan v Data Probe Intl., 213 AD2d 439, 440; De Mento v Nehi Beverages, 55 AD2d 794). Nor can they recover for damages caused by accidents subsequent to the 1987 accident. Given the testimony of their own medical expert, the plaintiffs have failed to make out a prima facie case, and the judgment must be reversed and the complaint dismissed. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.