Edward HOGAN, Jr., Plaintiff–Appellee,

v.

WAL–MART STORES, INC., Defendant–Appellant.

Docket No. 98–7863.

United States Court of Appeals, Second Circuit.

Argued Feb. 5, 1999.

Decided Feb. 16, 1999.

Edward P. Ryan, Albany, NY, for Plaintiff–Appellee.

Michael J. Kanaley, Jr., Kenney, Kanaley, Shelton & Liptak, L.L.P., Buffalo, NY, for Defendant–Appellant.

Before: CARDAMONE, CABRANES and STRAUB, Circuit Judges.

PER CURIAM:

Defendant Wal–Mart Stores, Inc. ("Wal–Mart") appeals from an amended judgment entered in the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*) awarding plaintiff Edward Hogan, Jr. approximately $657,000 following a jury verdict in favor of plaintiff. Wal–Mart claims on appeal that the district court erred in instructing the jury that it could award damages to plaintiff for aggravation of a pre-existing condition although plaintiff's complaint did not specially plead such damages. For the reasons stated below, we affirm the judgment of the district court.

I.

On February 13, 1994, plaintiff was shopping at Wal–Mart and asked a sales clerk for help in reaching an ice auger on a high shelf. While the clerk was reaching for the ice auger, a boat seat fell off the shelf and struck plaintiff in the forehead. Plaintiff brought an action claiming damages for injury to his head, neck, back, and upper extremities that he attributed to the accident; it was removed to federal court on May 13, 1996.

The case went to trial, and, at the close of proof, plaintiff moved for judgment as a matter of law on the issue of negligence. The district court granted the motion, leaving only the questions of causation and damages for the jury to decide. The evidence at trial revealed that plaintiff had experienced back problems prior to February 13, 1994, and following defendant's case and closing arguments, the court gave instructions to the jury that included the following:

> Now, if you find that before this occurrence on February 13, 1994, when the boat seat fell and hit plaintiff, that plaintiff had a preexisting condition, and further find that because of this occurrence this condition was aggravated so as to cause plaintiff increased suffering and disability, then the plaintiff is entitled to recover for any increased disability or pain resulting from such aggravation. He is not, however, entitled to recover for any physical ailment or disability which existed prior to or before the occurrence and for any injuries from which he may now be suffering which were not caused or contributed to by the occurrence.

The jury returned a verdict for the plaintiff, awarding damages in the amount of $649,925.

Following the verdict, defendant moved for a new trial or amendment of judgment; defendant argued, *inter alia*, that the instruction on aggravation was erroneous because plaintiff had not asserted in his complaint the

aggravation of a pre-existing condition, as he was required to do under New York law. In his response, plaintiff took issue with this argument but asked, "If, however, it is necessary, for the sake of formality I would ask that the Court conform the pleadings to the proof." The district court denied defendant's motion for a new trial, and granted in part and denied in part defendant's motion to amend the judgment, eventually ordering "structured payments" with a then-present value of $657,000. Further, the court granted plaintiff's motion to conform the pleadings to the proof. This appeal followed.

## II.

Defendant's sole claim on appeal is that the district court erred in instructing the jury that it could award damages for aggravation of a pre-existing injury, despite the fact that plaintiff did not specially plead such damages in his complaint. According to defendant, New York law applies to this case, and New York law imposes a special pleading requirement. Under New York law, "aggravation of a pre-existing condition is an element of special damages which must be specially pleaded and proven before recovery therefor can be allowed." *Behan v. Data Probe Int'l, Inc.,* 213 A.D.2d 439, 623 N.Y.S.2d 886, 887 (2d Dep't 1995); *De Mento v. Nehi Beverages, Inc.,* 55 A.D.2d 794, 389 N.Y.S.2d 909, 910–11 (3d Dep't 1976) ("New York adheres to the principle that to recover damages for a pre-existing condition it must be specially pleaded and proved. This, we believe, is the better rule since it affords the defendant notice and an opportunity to meet the issue and removes the unfairness of surprise." (citations omitted)).[1]

Defendant is correct that we must apply New York "substantive" law to this diversity case. In matters of "procedure," however, federal law governs. *See Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal pro-

cedural law."); *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The form in which claims for special damages must be stated is a procedural question governed by Fed.R.Civ.P. 9(g), which provides that "[w]hen items of special damage are claimed, they shall be specifically stated." Fed.R.Civ.P. 9(g); *see also* 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1311, at 710–11 (1990) ("*Wright and Miller*"); *Barrett v. United States Banknote Corp.,* No. 7420, 1992 WL 232055 (S.D.N.Y. Sept.2, 1992) (applying Rule 9(g) to a state law claim). However, Rule 9 does not define special damages, and it is not settled in this Circuit whether the law defining damages as general or special is procedural. The answer to that question arguably depends on the type of special damages at issue. In other words, there may be a distinction between, on the one hand, damages that are an essential element of the underlying cause of action—such as in cases of defamation, disparagement of property, and fraud—and, on the other hand, damages that are in some fashion different from those normally associated with a given cause of action—such as attorney's fees. *Cf.* 5 *Wright and Miller* § 1310, at 701–03.

We need not answer that question here. Even if plaintiff in the present case was required to plead aggravation of a pre-existing condition with particularity, defendant would not prevail in the circumstances presented. The district court granted plaintiff's motion to conform the pleadings to the proof, thereby curing any infirmity in the original complaint. *See De Mento,* 389 N.Y.S.2d at 911 (suggesting that a motion to amend the pleadings to conform to the proof would have been sufficient to satisfy New York's special pleading rule for aggravation of a pre-existing condition); *see also* Fed. R.Civ.P. 15(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the

1. Not all jurisdictions define aggravation of a pre-existing condition as an item of special damages. Indeed, New York courts have recognized that "some jurisdictions take a contrary posi-

tion," *De Mento,* 389 N.Y.S.2d at 910, and that "other jurisdictions differ," *Roth v. Hudson Transit Lines, Inc.,* 72 Misc.2d 999, 340 N.Y.S.2d 224, 227 (Sup.Ct.N.Y.Cty.1972).

pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. . . .").

Given the timing of the amendment, which came after the trial had concluded and the jury had rendered its verdict, it might seem that the district court's jury instruction was not in keeping with the purpose of the special pleading rule, which is to afford defendants notice and an opportunity to meet the issue and remove the unfairness of surprise. *See De Mento*, 389 N.Y.S.2d at 910. However, Rule 15(c) states in pertinent part that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). Under the Federal Rules of Civil Procedure, the amendment is treated as though it were made at the time of the original pleading. Further, the pre-existing injury was an issue throughout the trial, and its existence was no surprise to defendants. Indeed, the parties stipulated *prior to trial* that a fact in dispute was "[t]he extent to which the plaintiff's chronic physical problems and complaint of pain were caused by the incident as opposed to any pre-existing but asymptomatic condition." Defendant cannot now claim it was not on notice that plaintiff might seek damages for aggravation of his pre-existing condition. Accordingly, the amendment to conform the pleadings to the proof cured the asserted defect in plaintiff's complaint.

### III.

In sum, the district court committed no error by instructing the jury that it could award damages due to the aggravation of a pre-existing injury.

The judgment of the district court is affirmed.