■ KATHY McALLEN, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [704 NYS2d 48] —Order, Supreme Court, New York County (Louis York, J.), entered March 26, 1999, brought up for review pursuant to CPLR 5517 (b) by appeal from order of same court and Justice entered December 10, 1998, which in an action for personal injuries sustained in a trip and fall caused by a roadway defect, insofar as appealable, denied defendant-appellant City's motion to renew a prior order, entered December 10, 1998, denying its motion to vacate

a prior order, entered September 2, 1998 on default, striking its answer for noncompliance with its disclosure obligations, unanimously affirmed, without costs.

The City's defense—that it contracted out to other entities the responsibility for site safety—lacks merit, and, accordingly, the September 2, 1998 order striking the City's answer on default should not be vacated (*see*, *Mitrany v American Tit. Ins. Co.*, 238 AD2d 179). A municipality has "a nondelegable duty to maintain its roads * * * in a reasonably safe condition," and will be liable for a breach of that duty "even if the dangerous condition of the road, which caused the injury, is created by an independent contractor" (*Lopes v Rostad*, 45 NY2d 617, 623). We note that the City does not challenge plaintiff's claim that a hazardous condition existed or maintain that plaintiff was negligent. Concur—Nardelli, J. P., Williams, Ellerin and Wallach, JJ.