MELISSA A. STEUER, Respondent, v TOWN OF AMHERST, Appellant, et al., Defendant. (Appeal No. 1.) [753 NYS2d 257] —Appeal from a judgment of Supreme Court, Erie County (Sconiers, J.), entered October 17, 2001, after a jury verdict, in favor of plaintiff and against defendant Town of Amherst in the amount of $200,357.15.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a one-vehicle accident on a road maintained by the Town of Amherst (defendant). Plaintiff

alleged that the accident was caused by a significant elevation differential between the newly repaved roadway and the shoulder of the roadway. The jury found that defendant was negligent and awarded plaintiff damages in the amount of $195,000, and Supreme Court denied defendant's motion to set aside the jury verdict. We reject the contention of defendant that reversal is required based on plaintiff's failure to plead or prove that it had prior written notice of the dangerous condition of the roadway pursuant to Town Law § 65-a (1). Prior written notice is not required where, as here, plaintiff establishes that defendant "acted affirmatively to create the dangerous condition" (*Nixdorf v East Islip School Dist.*, 276 AD2d 759, 759; *see Agrusa v Town of Liberty*, 291 AD2d 620, 621; *Mayer v Town of Brookhaven*, 266 AD2d 360, 361). The fact that the repaving work on the roadway was performed by an independent contractor does not relieve defendant of liability (*see Lopes v Rostad*, 45 NY2d 617, 623; *McAllen v City of New York*, 270 AD2d 43, 44).

Contrary to defendant's further contention, plaintiff established that the roadway was not reasonably safe for vehicular traffic based upon the elevation differential between the roadway and the shoulder (*see Bottalico v State of New York*, 87 AD2d 807, 808, *affd* 59 NY2d 302; *cf. Green v County of Allegany*, 300 AD2d 1077). The repaving work performed by the independent contractor was limited to the roadway and raised the level of the roadway approximately 1½ inches, and defendant failed to raise the level of the shoulder after the repaving work was completed. The resulting elevation differential between the roadway and the shoulder ranged from 1½ to 3 inches. Plaintiff's expert testified that the elevation differential at the approximate location where plaintiff first left the roadway was greater than the maximum acceptable differential pursuant to the applicable New York State standards. Plaintiff's expert and defendant's former superintendent of highways each testified that the elevation level depicted in photographs of the accident scene was unacceptable and would impede the ability of motorists to return safely to the roadway after veering onto the shoulder. Also contrary to defendant's contention, it cannot be said as a matter of law that plaintiff's familiarity with the roadway "superseded any negligence on [defendant's] part," and thus the issue of causation was properly left to the jury (*Appelbaum v County of Sullivan*, 222 AD2d 987, 990; *see Alexander v Eldred*, 63 NY2d 460, 467-469).

We reject defendant's further contention that the court erred

in admitting the testimony of plaintiff's expert. The expert's opinion was properly based on facts in the record (*see Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726). The fact that the roadway had been repaved two months before the accident occurred and the expert did not inspect the scene of the accident until one month after the accident does not render his testimony inadmissible.

The court properly charged the jury on the emergency doctrine (*see Caristo v Sanzone*, 96 NY2d 172, 175; *Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924; *see generally Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327, *rearg denied* 77 NY2d 990). The court also properly allowed the jury to consider the aggravation of a preexisting condition as an injury caused by the accident. Plaintiff set forth that injury in her bill of particulars and thus it was sufficiently pleaded (*see Behan v Data Probe Intl.*, 213 AD2d 439, 440; *De Mento v Nehi Beverages*, 55 AD2d 794). The testimony of plaintiff's medical expert that sinusitis and temporomandibular joint dysfunction were interrelated was sufficient "to signify a probability as to the requisite causal connection," and, contrary to defendant's contention, the expert's opinion was "supported by a rational basis" (*Matter of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 727; *see Matott v Ward*, 48 NY2d 455, 461). Furthermore, plaintiff and her treating physician testified that plaintiff has suffered an increased number of sinus infections since the accident.

Finally, we do not address the "questions presented" listed in the table of contents of defendant's brief but not discussed therein. Those "questions presented" are deemed abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984). Present—Green, J.P., Pine, Hurlbutt, Burns and Gorski, JJ.