■ JOSEPH VERRUSO, Respondent, v BOURGET's BIKE WORKS, INC., et al., Appellants. [887 NYS2d 864]—In an action, inter alia, for replevin, the defendants appeal from a judgment of the Supreme Court, Queens County (Ritholz, J.), entered August 26, 2008, which, upon a jury verdict, and, among other things, upon the denial of the motion of the defendant Bourget's Bike Works, Inc., pursuant to CPLR 4401, made at the close of evidence, to dismiss the complaint insofar as asserted against it, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendants' contention, the Supreme Court did not err in conforming the pleadings to the proof (see CPLR 3025 [c]; Bryant v Broadcast Music, Inc., 60 AD3d 799, 800 [2009]; Galarraga v City of New York, 54 AD3d 308, 310 [2008]; Reed v City of New York, 304 AD2d 1, 8-9 [2003]; Alomia v New York City Tr. Auth., 292 AD2d 403, 405-406 [2002]). The Supreme Court did not err in granting the relief of replevin under the circumstances herein (see CPLR 3017 [a]; Torre v Giorgio, 51 AD3d 1010, 1011 [2008]; see also Hoo Corp. v 109 Graham Ave. Corp., 272 AD2d 377 [2000]).

The defendants' contention regarding the jury charge is unpreserved for appellate review, since the defendants failed to state any specific objection to the charge at trial (see Cohen v Kasofsky, 55 AD3d 859 [2008]; Silverstein v Marine Midland Trust Co. of N.Y., 35 AD3d 840 [2006]).

The Supreme Court properly denied the separate motion of the defendant Bourget's Bike Works, Inc., pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against it, since there was evidence at trial that the subject property was at relevant times stored at a warehouse leased by that defendant (see generally Salatino v Salatino, 13 AD3d 512, 513 [2004]). Santucci, J.P., Chambers, Hall and Roman, JJ., concur.