■ Kenneth Lee, Appellant, v All City Van Lines, Inc., et al., Respondents. [13 NYS3d 908]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated April 11, 2013, which, upon a jury verdict on the issue of damages, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On September 2, 2009, a motor vehicle operated by the plaintiff and a motor vehicle operated by the defendant Neal Smith were involved in a collision at the intersection of Broadway and Granite Street in Brooklyn. The vehicle driven by Smith was owned by the defendant All City Van Lines, Inc. At the ensuing trial on the issue of damages, the plaintiff's expert orthopedic surgeon testified that the instant accident exacerbated an injury to the lumbar region of the plaintiff's spine that he sustained in a prior accident. He further testified that the plaintiff had a "downsloping acromion" in his left shoulder, which can put a patient at increased risk for injury. He testified that the "downsloping acromion" did not change his opinion that the accident was the cause of the injury to the plaintiff's left shoulder.

At the conclusion of the trial, the jury unanimously found that the plaintiff did not sustain a serious injury under either the permanent consequential limitation of use or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court entered a judgment upon the verdict, dismissing the complaint. The plaintiff appeals.

The Supreme Court properly denied both the plaintiff's request to charge the jury regarding the exacerbation of a preexisting injury to his lumbar spine pursuant to PJI 2:282, and regarding his left shoulder's increased susceptibility to injury pursuant to PJI 2:283. The plaintiff failed to properly plead either issue in his bill of particulars (*see Behan v Data Probe Intl.*, 213 AD2d 439, 439-440 [1995]; *see also Anderson v Dainack*, 39 AD3d 1065, 1067-1068 [2007]).

The plaintiff's contention that the Supreme Court erred in allowing the defendant's expert witness to testify as to unidentified reports and studies is unpreserved for appellate review (*see Verruso v Bourget's Bike Works, Inc.*, 67 AD3d 780, 780 [2009]). Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.