People v Kolsky (2018 NY Slip Op 05713)





People v Kolsky


2018 NY Slip Op 05713


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2016-01288
 (Index No. 62171/12)
[*1]Anthony Rivera, respondent, v
v
Elizabeth G. Kolsky,
et al., appellants.
 
 
Saretsky Katz & Dranoff, LLP, New York, NY (Eric Dranoff of counsel), for appellants.
Ronemus & Vilensky, LLP (Lisa M. Comeau, Garden City, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), entered January 15, 2016. The judgment, upon an order of the same court (Robert DiBella, J.) dated August 29, 2014, granting the plaintiff's motion for summary judgment on the issue of liability, and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against the defendants in the total sum of $1,865,305.43.
ORDERED that the judgment is affirmed, with costs.
In 2010, when the plaintiff was 30 years old, he allegedly sustained personal injuries as a result of a motor vehicle accident in which his vehicle came into contact with a vehicle owned by the defendant Jonathan D. Kolsky and operated by the defendant Elizabeth G. Kolsky. The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries, including a fracture of his hip, an injury to his knee, and a preexisting back injury that was aggravated as a result of the accident. The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability, and the case proceeded to a jury trial on the issue of damages. At the trial, the plaintiff and his mother testified as to the limitations of the plaintiff's activities. In addition, the plaintiff's physical therapist testified as to the plaintiff's response to physical therapy, and an orthopedic surgeon testified as to the plaintiff's need for a hip replacement and a knee replacement. The defendants did not present any witnesses.
Over the defendants' objection, the Supreme Court granted the plaintiff's request for an increased susceptibility jury instruction and instructed the jury as follows: "The fact that the plaintiff . . . may have a physical condition that makes him more susceptible to injury than the normal, healthy person, does not relieve the defendant of liability for all the injuries sustained as a result of her negligence. Defendant is liable even though those injuries are greater than those that would have been sustained by a normal, healthy person under the same circumstances."
The jury found that the accident was not a proximate cause of the plaintiff's back injuries. As to monetary damages for his other injuries, notably to his hip and knee, the jury awarded the plaintiff, inter alia, $300,000 for past pain and suffering and $1,000,000 for future pain and suffering. A judgment was subsequently entered in favor of the plaintiff and against the defendants in the total sum of $1,865,305.43. The defendants appeal.
The defendants contend that the instructions on increased susceptibility prejudiced them because, based upon those instructions, the jury could find that the plaintiff's apparent predisposition to obesity rendered him more susceptible to pain and suffering from his injuries. Increased susceptibility to injury "must be affirmatively pleaded and proven before recovery therefor can be allowed" (Ruggiero v Banner Glass & Mirror Corp., 232 AD2d 395, 396; see Lee v All City Van Lines, Inc., 131 AD3d 454, 454; see generally PJI 2:283). In this case, the plaintiff alleged that the accident aggravated a preexisting back injury, indicating an increased susceptibility to an aggravated back injury.
The increased susceptibility instruction given by the Supreme Court did not refer to any condition. The pattern jury instruction for aggravation of a preexisting injury provides that "the plaintiff is entitled to recover for any (increased) disability or pain resulting from" the aggravation of a preexisting injury or condition where the aggravation was caused by the accident (PJI 2:282). This charge is somewhat similar to the increased susceptibility charge, which instructs the jury that "[t]he fact that the plaintiff may have a physical or mental condition that makes [him or her] more susceptible to injury than a normal healthy person does not relieve the defendant[s] of liability for all injuries sustained as a result of [their] negligence" (PJI 2:283). On the issue of aggravation of the preexisting back condition, the jury found in favor of the defendants, and therefore did not award any damages based upon an increased susceptibility to an aggravated back injury. Thus, under the circumstances of this case, the jury instructions did not affect the verdict.
We further agree with the Supreme Court's determination to decline to instruct the jury with respect to the plaintiff's duty to mitigate damages by losing weight. "A party seeking to avail itself of the affirmative defense of failure to mitigate damages must establish that the injured party failed to make diligent efforts to mitigate its damages, and the extent to which such efforts would have diminished those damages" (Eskenazi v Mackoul, 72 AD3d 1012, 1014). The defendants failed to meet that burden. The plaintiff's expert orthopedic surgeon testified that the plaintiff's decision whether to have bariatric surgery to facilitate weight loss was "a personal decision." The plaintiff's expert further testified that the plaintiff's obesity did not change the need for knee and hip replacements, as "the dye [sic] was cast the minute that this injury occurred." The trial evidence established that the plaintiff complied with medical directives for physical therapy in an effort to mitigate damages, and there was no evidence presented that his damages would have been less if he had more actively participated in physical therapy.
Moreover, we agree with the Supreme Court's determination to decline to give a missing witness instruction with respect to the plaintiff's surgeon. The request was untimely (see Buttice v Dyer, 1 AD3d 552, 553), and the witness was not subject to the subpoena power of the court (see Judiciary Law § 2-b[1]; Pasquaretto v Cohen, 37 AD3d 440, 441; Zeeck v Melina Taxi Co., 177 AD2d 692, 694).
Further, the damages award of $1,000,000 for future pain and suffering constituted reasonable compensation (see Urbina v 26 Ct. St. Assoc., LLC, 46 AD3d 268, 275; Van Ness v New York City Tr. Auth., 288 AD2d 374).
The defendants' remaining contention is unpreserved for appellate review.
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court