Law v Dillon (2021 NY Slip Op 04127)





Law v Dillon


2021 NY Slip Op 04127


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-01210
 (Index No. 601682/16)

[*1]Linda Law, appellant, 
v
Maura A. Dillon, et al., respondents.

 

Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci and Gerard Ferrara of counsel), for respondents.
Levine & Grossman, Mineola, NY (Jonathan A. Dachs of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered December 11, 2017. The judgment, upon a jury verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages.
On January 11, 2016, a vehicle operated by the plaintiff collided with a vehicle operated by the defendant Maura A. Dillon and owned by the defendant Donna M. Dillon. The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in the accident. At the precharge conference, the plaintiff requested a charge regarding the exacerbation of a preexisting injury pursuant to PJI 2:282. The Supreme Court denied the plaintiff's request. At the conclusion of trial, the jury found that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff appeals.
The Supreme Court improperly denied the plaintiff's request to charge the jury regarding the exacerbation of a preexisting injury. Contrary to the defendants' contention, the plaintiff properly pleaded in her bill of particulars and supplemental bills of particulars that the accident aggravated preexisting injuries to her spine (cf. Lee v All City Van Lines, Inc., 131 AD3d 454; Behan v Data Probe Intl., 213 AD2d 439, 440). Moreover, there was a sufficient factual basis supporting this charge (see Rosenberg v Rixon, 111 AD2d 910, 911; cf. McCulloch v New York Cent. Mut. Ins. Co., 175 AD3d 912, 913; Dennis v Massey, 134 AD3d 1532, 1533-1534). Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Nassau County, for a new trial on the issue of damages.
The plaintiff's remaining contentions have been rendered academic in light of our determination.
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court