Cordell v City of New York (2025 NY Slip Op 05496)

Cordell v City of New York

2025 NY Slip Op 05496

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-11655
 (Index No. 518026/16)

[*1]Patricia Cordell, appellant, 
v
City of New York, respondent.

Harris Keenan & Goldfarb PLLC, New York, NY (Jason S. Steinberg and Judith Stempler of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (MacKenzie Fillow and Jamison Davies of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Joy F. Campanelli, J.), entered September 25, 2023. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries she allegedly sustained in 2016 when she tripped and fell on a sidewalk in Brooklyn as a result of a dangerous condition thereon. The plaintiff alleged that the condition on the sidewalk was affirmatively created by the defendant, City of New York, when it repaired that portion of the sidewalk in 2014. After a trial, the jury found that the City did not affirmatively create the condition when it repaired the sidewalk in 2014. A judgment was then entered in favor of the City and against the plaintiff dismissing the complaint. The plaintiff appeals.
The Supreme Court permitted the plaintiff's expert witness to opine as to how the City affirmatively created the condition on the sidewalk. However, the court, upon the City's application, precluded the plaintiff's expert from testifying that the condition was unsafe or that the City's repairs violated certain rules of the New York City Department of Transportation (DOT) and standards of the American Society for Testing and Materials (ASTM). Based on this preclusion, the court denied the plaintiff's request for a jury charge instructing the jury on the DOT rules and the ASTM standards.
The precluded expert testimony and the requested jury instructions pertained solely to the issue of whether the sidewalk was in a reasonably safe condition. Since the jury found that the City did not affirmatively create the condition on the sidewalk, the jury never reached the issue of whether the sidewalk was in a reasonably safe condition (see Yarborough v City of New York, 10 NY3d 726, 728). Accordingly, we need not reach the plaintiff's contentions that the Supreme Court erred in limiting her expert's testimony and in declining to instruct the jury on the DOT rules and the ASTM standards (see Cohen v Kasofsky, 55 AD3d 859, 861; Bowe v City of New York, 128 [*2]AD2d 495, 495). In any event, the jury did not need testimony from an expert to determine whether the condition on the sidewalk was dangerous (see Zeppetelli v 1372 Broadway, LLC, 222 AD3d 813, 814; Curry v Eastern Extension, LLC, 202 AD3d 907, 909; Galasso v 400 Exec. Blvd., LLC, 101 AD3d 677). Further, the court providently exercised its discretion in denying the plaintiff's application for leave to amend her bill of particulars so as to include alleged violations of certain DOT rules and ASTM standards, as the plaintiff sought leave to amend on the date of her expert's testimony and provided no excuse for the delay in seeking leave, reasonable or otherwise (see Nunez v City of New York, 236 AD3d 1049, 1050; Achee v Merrick Vil., Inc., 208 AD3d 542, 543). Because the plaintiff failed to allege violations of those rules and standards in her bill of particulars, the court properly denied her request for the jury charge (see Lee v All City Van Lines, Inc., 131 AD3d 454, 454; Behan v Data Probe Intl., 213 AD2d 439, 440).
The Supreme Court providently exercised its discretion in admitting into evidence, over the plaintiff's objections, several Google Maps images and photocopied photographs. In May 2023, the City provided notice that it intended to offer certain Google Maps images into evidence at trial. Because the plaintiff failed to object to the admission of those images at least 10 days before the trial, the court properly took judicial notice of those images and admitted them into evidence (see CPLR 4532-b). Although the City did not provide notice that it intended to offer certain other Google Maps images at least 30 days before the trial (see id.), any error in their admission was harmless under the circumstances of this case (see id. § 2002). Additionally, the content of certain photocopied photographs included with certain deposition testimony was not in dispute and did not pose a risk of "'fraud, perjury, and inaccuracies derived from faulty memory'" (Deutsch v Deutsch, 232 AD3d 763, 764, quoting Mutlu v Mutlu, 177 AD3d 979, 980).
The Supreme Court providently exercised its discretion in declining to sign several subpoenas presented by the plaintiff, who sought to compel testimony from certain DOT employees at trial that would explain certain construction records. The subpoenas were twice electronically filed in contravention of the court's part rules, and the plaintiff was able to subpoena a different witness to testify about the records she sought to have explained to the jury (see Chiarovano v 237 Park Owner, LLC, 232 AD3d 410, 410-411; Smith v Usman, 218 AD3d 705, 707; Bottini v Bottini, 164 AD3d 556, 558).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., MILLER, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court