Hulett v Korb (2025 NY Slip Op 06563)

Hulett v Korb

2025 NY Slip Op 06563

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-23-1836 CV-24-0138
[*1]Monica Hulett et al., Respondents,
v
Terri Korb, Appellant.

Calendar Date:October 17, 2025

Before:Clark, J.P., Pritzker, Lynch, Powers and Mackey, JJ.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin W. Gray of counsel), for appellant.
Daniel G. Chertok, Saratoga Springs, for respondents.

Clark, J.P.
Appeals (1) from an order of the Supreme Court (Richard Kupferman, J.), entered September 12, 2023 in Saratoga County, upon a decision of the court in favor of plaintiffs, and (2) from the judgment entered thereon.
As more fully set forth in our prior decision involving this matter (see 192 AD3d 1424 [3d Dept 2021]), plaintiffs and defendant own neighboring properties in the Town of Saratoga, Saratoga County. Plaintiffs' property consists of two adjoining parcels — one on which they have lived since 1986 containing their residence (hereinafter parcel 1) and another which they acquired in or around 1995 containing their garage (hereinafter parcel 2). Since 1986, to access their residence plaintiffs have used a roadway called Rodgers Lane, including a "roughly 250-foot-long portion" of the road that passes through defendant's property (id. at 1424). After defendant installed gates and posts along the portion of Rodgers Lane crossing her property, plaintiffs commenced an action pursuant to RPAPL article 15 seeking, as relevant here, a declaration that they have a prescriptive easement over that portion of the roadway.
Following joinder of issue, motion practice and the exchange of discovery, Supreme Court (Nolan, J.), issued a decision in April 2016 finding that "plaintiffs had established three of the four elements required for a prescriptive easement by showing that their use of [the disputed portion of] Rodgers Lane from 1986 through 2002 was open, notorious and continuous for a period of 10 years, thereby giving rise to the presumption that such use was hostile to the prior owners of defendant's property" (id. at 1425). However, finding that questions of fact existed as to whether defendant could rebut the presumption of hostility, the court scheduled the matter for a jury trial solely on that issue. Although the jury ultimately returned a verdict in defendant's favor, Supreme Court, by decision and order entered September 4, 2019, granted plaintiffs' motion to set aside the verdict (see CPLR 4404 [a]) and directed judgment in their favor, finding that they "had acquired a prescriptive easement over the relevant portion of Rodgers Lane" (192 AD3d at 1425). In 2021, this Court affirmed that determination upon defendant's appeal.
A bench trial was subsequently held to determine the width and scope of the easement, following which Supreme Court (Kupferman, J.) issued a decision and order (2023 NY Slip Op 33264[U] [Sup Ct, Saratoga County 2023]), along with a corresponding judgment, delineating its findings of fact. Supreme Court found, among other things, that the width of the roadway easement on the portion of Rodgers Lane that crosses defendant's property — which it articulated as being for the purpose of providing access to and from both of plaintiffs' parcels — was between 10 and 11 feet. The court also granted plaintiffs an additional "[g]ross [e]asement [a]rea" extending four to five feet beyond the sides of the roadbed for necessary maintenance [*2]activities, including "snowplowing, mowing, and trimming." Moreover, the court granted plaintiffs the right to maintain and replace two culverts that ran beneath the roadway, as well as to "use the roadway . . . for such ordinary purposes as might attend a residential driveway, including . . . to receive deliveries[,] to allow passage for emergency vehicles[,] to temporarily park alongside the roadway to perform maintenance[, and] to pull aside to allow other vehicles to pass." Correspondingly, the court granted defendant's request for an injunction barring plaintiffs from "excavat[ing] or trench[ing] any areas on the shoulders of the roadway without [defendant's] express permission," but denied her request for compensatory damages in excess of $10,000 for funds she allegedly expended to obtain a property survey, purchase and install 10 fence posts along the sides of the roadway, and to remediate certain unauthorized work undertaken by plaintiffs on the side of the roadway in 2010/2011, finding, among other things, that her request for damages was not grounded in sufficient documentary evidence.[FN1] Defendant appeals.
Although defendant's appellate brief challenges the width of the primary easement area delineated in the judgment, counsel for both parties confirmed during oral argument before this Court that they had reached an agreement on the issue, stipulating that the roadway easement is 10 feet wide. Accordingly, any challenge to that part of Supreme Court's determination is now academic and the judgment will be modified in accordance with the parties' stipulation.
Defendant contends that Supreme Court erred in articulating, within the judgment on appeal, that plaintiffs' easement over the disputed portion of Rodgers Lane is "for ingress to and egress from" both of plaintiffs' parcels, arguing that there was no evidence to support finding that the prescriptive easement is for the benefit of parcel 2. Such argument is unavailing. The bench trial held before Judge Kupferman was for the limited purpose of delineating the width and scope of the prescriptive easement already established by Judge Nolan in 2019. By the time plaintiffs commenced the original action to obtain a prescriptive easement over the portion of Rodgers Lane that crosses defendant's property, they had owned parcel 2 for nearly two decades. As depicted on a parcel map obtained from the Saratoga County Map Viewer Website — of which we take judicial notice (see Matter of Katonah-Lewisboro Union Free Sch. Dist. v New York State Educ. Dept., ___ AD3d ___, ___, 239 NYS3d 336, 340 [3d Dept 2025]; see also CPLR 4532-b; Cordell v City of New York, ___ AD3d ___, 2025 NY Slip Op 05496, *2 [2d Dept 2025]) — parcels 1 and 2 abut one another, have the same mailing address, and plaintiffs must pass through parcel 2 to access their residence on parcel 1. Plaintiffs' complaint did not delineate between their two parcels when seeking a prescriptive easement to access their property and, notably, [*3]Judge Nolan referenced both of plaintiffs' parcels in his 2016 decision and order issued prior to the jury trial, explaining that, after plaintiffs acquired parcel 2, they "accessed this parcel by continuing to use Rodgers Lane[,] which runs through the northeast section" thereof. Judge Nolan again referenced plaintiffs' "lands" (plural) in his 2019 decision and order awarding plaintiffs a prescriptive easement over the relevant portion of Rodgers Lane. In other words, this issue was necessarily decided in Judge Nolan's 2019 decision and order directing judgment in plaintiffs' favor, which was affirmed by this Court in 2021 and constituted law of the case by the time Judge Kupferman issued the subsequent judgment that is on appeal (see generally People v Evans, 94 NY2d 499, 502 [2000]; Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; Bennett v Nardone, 298 AD2d 790, 790 [3d Dept 2002], lv dismissed 99 NY2d 579 [2003]).
Contrary to defendant's contention, the evidence fully supported granting plaintiffs the right to access the land on both sides of the roadway, extending up to five feet beyond the width of the roadbed on both sides, to perform necessary maintenance work, including mowing, trimming and snow plowing (see McMillan v Cronin, 75 NY 474, 477-478 [1878]; Restatement [First] of Property § 480 ["In so far as they may become reasonably necessary, the privilege of making improvements and repairs is implicit in the creation of (an) easement created by prescription"]; Restatement [Third] of Property: Servitudes, § 4.8; compare Dermody v Tilton, 85 AD3d 1682, 1683 [4th Dept 2011]).[FN2] Given the exigencies created by the location and topography of the portion of Rodgers Lane crossing defendant's parcel, Supreme Court correctly concluded that plaintiffs need to be able to perform such maintenance work without being liable for trespass. The evidence also supported Supreme Court's finding that plaintiffs should be allowed to pull along the sides of the roadway when necessary to enable safe vehicle passage and to park along the sides of the roadway when performing maintenance activities.
Supreme Court also did not err in denying defendant's request for compensatory damages, as her request was not grounded in a sufficient evidentiary basis (see Mastbeth v Shiel, 218 AD3d 987, 990 [3d Dept 2023]; compare WFE Ventures, Inc. v GBD Lake Placid, LLC, 197 AD3d 824, 834 [3d Dept 2021]). Defendant's remaining contentions, to the extent not specifically addressed, have been considered and found to be lacking in merit.
Pritzker, Lynch, Powers and Mackey, JJ., concur.
ORDERED that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as delineated the roadway easement as being "between ten (10) and eleven (11) feet in width" and limited plaintiffs' right to perform maintenance activities solely to the upper side of the roadbed; it is declared that the roadway easement is 10 feet wide, that the prescriptive easement [*4]area extends solely to the width of the roadbed, that plaintiffs shall have the right to perform necessary maintenance activities, including brush removal, lawn mowing and snow plowing, on both sides of the roadbed, extending to five feet on either side; and, as so modified, affirmed.
ORDERED that the order is modified, on the law and the facts, without costs, in the same manner as the judgment; and, as so modified, affirmed.

Footnotes

Footnote 1: Supreme Court did, however, award defendant nominal damages for a trespass related to work plaintiffs performed along the roadway in 2010/2011.

Footnote 2: To the extent Supreme Court's decision and order used language indicating that it was granting plaintiffs a prescriptive easement on the sides of the roadway, as argued by defendant, this was error. The proof did not support awarding a prescriptive easement beyond the width of the roadbed itself (see generally Dias v Town of Ulster, 240 AD3d 1015, 1017 [3d Dept 2025]; Dermody v Tilton, 85 AD3d 1682, 1683 [4th Dept 2011]).